UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUZAFFER ALZAND,

   Petitioner,

v.

ADDUCCI, ET. AL.,

   Defendant.

_____/

Case No. 20-12929

Honorable Nancy G. Edmunds

**ORDER DENYING PETITIONER'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING PRELIMINARY INJUNCTION HEARING [2]**

  Pending before the Court is Petitioner's *ex parte* emergency motion for a temporary restraining order. (ECF No. 2.) Petitioner claims he is an Iraqi refugee who, following a criminal conviction, is in the midst of immigration removal proceedings. He is currently being detained by the United States Immigration Customs and Enforcement Agency ("ICE") at the St. Clair County Jail in Port Huron, Michigan while he awaits the resolution of his removal proceedings. Pointing to serious concerns about his health in the wake of the COVID-19 pandemic while in detention, as well as to the uncertainty of the length of his detention because of COVID-19 related travel restrictions, Petitioner asks the Court to order his immediate release from ICE detention. Petitioner contends that his continued detention under these circumstances violates his due process rights and that the only remedy is for the Court to order his immediate release from detention.

  To obtain the extraordinary remedy of a TRO, a party must "clearly show that immediate and irreparable injury, loss, or damage will result . . . before [Defendant] can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The Court considers four factors in

1

determining whether to issue a TRO: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay." *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).

Having considered the record in this matter in its entirety, the Court finds the issuance of an *ex parte* emergency TRO is not justified at this time. Petitioner fails to establish that he will suffer immediate and irreparable harm if a TRO is not issued. He does not present evidence indicating that there is a current outbreak of COVID-19 at the St. Clair County facility that could warrant his release on an emergency *ex parte* basis. And he fails to present sufficient evidence to establish that ICE officials and the St. Clair County Jail are failing to implement measures to prevent the spread of COVID-19 or to treat Petitioner should he become infected.

Moreover, Petitioner fails to establish a strong likelihood of success on the merits sufficient to warrant the extreme remedy of an *ex parte* TRO on the record here. His habeas petition and motion are noticeably silent as to several relevant facts relating to the merits of his claim, including information relating to Petitioner's prior criminal history, his immigration proceedings, and the timing and facts giving rise to his detention. Such information is necessarily relevant in determining whether ICE has an "interest in continuing the detention of removable aliens determined to be a risk to the community or unlikely to comply with the order of removal." *See Czerwinski v. Adducci*, No. 2:20-CV-10826, 2020 WL 1915326, at *2 (E.D. Mich. Apr. 20, 2020) (citing Title 8 U.S.C. § 1231(a)(6)). It is also relevant to understanding why Petitioner is moving for this relief on

an emergency basis over eight months into the pandemic. And finally, the Court finds that Petitioner fails to establish that the balance of harms or public interest weigh heavily in favor of granting emergency *ex parte* relief.

In sum, and having considered the record in this matter in its entirety, the Court finds that Petitioner fails to meet his burden to establish his entitlement to an *ex parte* emergency TRO. This does not mean, however, that Petitioner's concerns are not legitimate or that his claims are ultimately meritless. Rather, the Court believes on the record here that Defendants should be provided an opportunity to respond to Petitioner's motion. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's request for the issuance of an emergency *ex parte* temporary restraining order is **DENIED.**

**IT IS FURTHER ORDERED** that

- Petitioner's request for a preliminary injunction is set for hearing on **Wednesday, November 18, 2020 at 2:00 p.m**.

- Petitioner shall serve his habeas petition and motion for a temporary restraining order on Defendants by no later than **Monday, November 9, 2020**;

- Defendants shall file a response to Petitioner's motion by no later than **Monday, November 16, 2020**; and

- Petitioner's reply brief, if any, must be filed by no later than **Tuesday, November 17, 2020**.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 5, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 5, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager
